SUM-100

# SUMMONS for 1st Amended Complaint
## (CITACION JUDICIAL)



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATEWIDE AUTO SALES; DOE 1; DOE 2; and DOES 3 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARYROSE JOSEPH, an individual; and MAROC SIMPSON, a minor, by Ronniesha Hinton, his guardian ad litem,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California | CASE NUMBER *(Número del Caso)*: BC616120 |

Los Angeles County, Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeremy S. Golden, 3130 Bonita Road, Suite 200B, Chula Vista, CA 91910, Phone: 619-476-0030

DATE: MAY 2 5 2016   Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: **Statewide Auto Sales**

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Jeremy S. Golden (SBN 228007)
2  Golden & Cardona-Loya, LLP
   3130 Bonita Road, Suite 200B
3  Chula Vista, CA 91910
4  jeremy@goldencardona.com
   Phone: 619-476-0030; Fax: 775-898-5471
5  Attorney for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 2 7 2016

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

6

7

8                   **SUPERIOR COURT OF CALIFORNIA**
9        **LOS ANGELES COUNTY, STANLEY MOSK COURTHOUSE**
10
11  MARYROSE JOSEPH, an individual;  )  Case No.: BC616120
    and MAROC SIMPSON, a minor, by   )
12  Ronniesha Hinton, his guardian ad )
13  litem,                           )  **FIRST AMENDED COMPLAINT AND**
                                     )  **DEMAND FOR JURY TRIAL**
14                                   )
                   Plaintiff,        )
15                                   )
                                     )
16  v.                               )              **By Fax**
                                     )
17  STATEWIDE AUTO SALES; DOE 1;     )
18  DOE 2; and DOES 3 through 10,    )
    inclusive,                       )
19                                   )
20                 Defendants.       )
21                                   )

22

23                        **I. INTRODUCTION**

24      1.    Defendants repossessed Plaintiff Maryrose Joseph's vehicle with her two-year-
25  old son, Plaintiff Maroc Simpson, still inside the vehicle. The tow-truck driver then took the
26  repossessed vehicle to an undisclosed location with Maroc still inside the vehicle strapped
27  into the car seat where he remained overnight without any communication to Ms. Joseph as
28  to where her son had been taken. The vehicle was delivered the following day to the tow

                                    1

yard where Ms. Joseph and the police waited for the hopeful return of Maroc to his mother. Plaintiffs seek damages for Defendants' breach of California common and statutory laws.

## II. PARTIES

2.     Plaintiff MARYROSE JOSEPH is a natural person residing in the State of California, County of Los Angeles.

3.     Plaintiff MAROC SIMPSON is a minor, natural person residing in the State of California, County of Los Angeles.

4.     Defendant STATEWIDE AUTO SALES ("STATEWIDE") at all times relevant was a corporation doing business of collecting debts in Los Angeles County, California operating from an address at 12039 Branford St., Sun Valley, CA 91352.

5.     Defendant DOE 1 is a repossession company and at all times relevant was a corporation doing business in Los Angeles County, California.

6.     Defendant DOE 2 is a tow-truck driver employed by DOE 1 and at all times relevant was an individual resident of California.

7.     Defendants STATEWIDE AUTO SALES, REPOSSESSION COMPANY and DOES 1-10 are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due.

8.     Defendant STATEWIDE AUTO SALES is a "debt collector" as defined by the Rosenthal Act, California Civil Code §1788.2(c).

9.     Defendant DOE 1 is a "debt collector" as defined by the FDCPA, 15 USC §1692a(6).

10.    Plaintiff MARYROSE JOSEPH is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

11.    The purported debt which Defendants attempted to collect from Plaintiff MARYROSE JOSEPH is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

12.    Plaintiff MARYROSE JOSEPH is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

13.   The purported debt that Defendants attempted to collect from MARYROSE JOSEPH was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

14.   Plaintiff MARYROSE JOSEPH is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

15.   The purported debt which Defendants attempted to collect from Plaintiff MARYROSE JOSEPH was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

16.   The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

### III. FACTUAL ALLEGATIONS

17.   Plaintiff MARYROSE JOSEPH obtained a loan ("the Loan") from STATEWIDE AUTO SALES to finance the purchase of an automobile ("the Vehicle").

18.   At a time unknown STATEWIDE retained the services of DOE 1 and DOE 2 to repossess the Vehicle.

19.   On or about January 9, 2016 Defendants repossessed the Vehicle from the Crenshaw Mall.

20.   Defendants repossessed the Vehicle while two-year old MAROC SIMPSON was in the back seat of the Vehicle strapped into a car seat.

21.   Defendants removed the Vehicle from the mall without notifying MARYROSE

1  JOSEPH.

2      22.    Upon discovery of the missing Vehicle and her son MARYROSE JOSEPH

3  immediately contacted emergency authorities by calling 911.

4      23.    MARYROSE JOSEPH and the police attempted contacting Defendants to find

5  the location of the Vehicle and MAROC but were unsuccessful.

6      24.    The Vehicle was taken to an undisclosed location where it was left overnight

7  with MAROC SIMPSON strapped into the car seat.

8      25.    MAROC SIMPSON was left in the car from approximately 8:00 p.m. until 6:00

9  a.m. by himself until he was found in Culver City.

10      26.    When MAROC SIMPSON was finally discovered he was immediately taken to

11  the emergency room.

12      27.    As a result of Defendants actions Plaintiffs have suffered severe emotional

13  distress.

14  **IV.  FIRST CAUSE OF ACTION**

15  **(By Plaintiff Maryrose Joseph Against DOE 1 and DOES 3-10 for Violation of the**

16  **FDCPA)**

17      28.    Plaintiffs repeat, reallege and incorporate by reference all of the foregoing

18  paragraphs.

19      29.    Defendants violated the FDCPA.  Defendants' violations include, but are not

20  limited to, the following:

21          (a)    The Defendants violated 15 U.S.C. § 1692f(6) by repossessing Plaintiffs'

22              vehicle when there was no present right to possession of the vehicle.

23      30.    As a result of the above violations of the FDCPA, Defendants are liable to the

24  Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs

25  pursuant to 15 U.S.C. §1692k.

26  //

27  //

28  //

## V.  SECOND CAUSE OF ACTION

### (By Plaintiff Maryrose Joseph Against STATEWIDE AUTO SALES and DOES 3-10 for Violation of the Rosenthal Act)

31.  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

32.  Defendants violated the Rosenthal Act, by including but not limited to, the following:

   (a)  Defendants violated California Civil Code §1788.10(a) by using physical force or any criminal means to cause harm to the person of any person;

   (b)  The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692 d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt; and

   (c)  The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

33.  Defendants' acts as described above were done with the purpose of coercing Plaintiff to pay the Debt.

34.  As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

35.  Plaintiff is entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VI.  THIRD CAUSE OF ACTION

### (By Plaintiff Maryrose Joseph Against all Defendants for Conversion)

36.  Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

37.  Plaintiff was the owner of the Vehicle.

38.  Defendant intentionally repossessed the Vehicle when it did not have a right to

1   repossess it.

2       39.     Defendants actions in repossessing the Vehicle constituted a breach of peace in

3   that they did not have a right to repossess the Vehicle.

4       40.     Plaintiff did not consent to Defendants' taking and withholding of their

5   Vehicle.

6       41.     Plaintiff was harmed as a result.

7       42.     Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

8                        **VII.  FOURTH CAUSE OF ACTION**

9               **(By All Plaintiffs Against All Defendants For Negligence)**

10      43.     Plaintiffs repeat, reallege, and incorporate by reference all the foregoing

11  paragraphs.

12      44.     Defendants, as the creditor and repossession agency related to Plaintiffs'

13  Vehicle, owed Plaintiffs a duty based on the parties relationships and acts and omissions.

14      45.     Defendants failed to act as a reasonably careful creditor and repossession agency

15  would act under the same or similar circumstances.

16      46.     STATEWIDE AUTO SALES was negligent in performing the repossession

17  and/or in selecting, instructing or supervising DOE 1 to perform the repossession.

18      47.     Defendants were negligent in conducting the repossession.

19      48.     As a result of this failure Plaintiffs were harmed.

20      49.     The conduct of Defendants was a substantial factor in causing Plaintiffs' harm.

21      50.     As a result of this common law tort, Plaintiffs are entitled to damages in an

22  amount to be proven at trial.

23                       **VIII.  FIFTH CAUSE OF ACTION**

24  **(By All Plaintiffs Against all Defendants for Intentional Infliction of Emotional Distress)**

25      51.     Plaintiffs repeat, reallege and incorporate by reference all of the foregoing

26  paragraphs.

27      52.     Defendants willfully and/or recklessly performed the aforesaid acts with the

28  intent to abuse and coerce and create great mental and physical pain and damage to Plaintiffs.

53.     Plaintiffs did in fact experience great mental and physical pain as a result of the acts of Defendants as alleged above.

54.     Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiffs for damages in an amount to be proven at trial, and for punitive damages.

## IX.     SIXTH CAUSE OF ACTION

**(By All Plaintiffs Against all Defendants for Negligent Infliction of Emotional Distress)**

55.     Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

56.     Defendants were negligent.

57.     Plaintiffs suffered serious emotional distress.

58.     Defendants negligence was a substantial factor in causing Plaintiffs serious emotional distress.

## X.     SEVENTH CAUSE OF ACTION

**(By MAROC SIMPSON Against all Defendants for False Imprisonment)**

59.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

60.     Defendant intentionally deprived Plaintiff of his freedom of movement.

61.     That Defendant's actions compelled Plaintiff to go and stay somewhere for an appreciable time.

62.     Plaintiff did not consent.

63.     Plaintiff was actually harmed.

64.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

65.     Defendants negligence was a substantial factor in causing Plaintiffs serious emotional distress.

66.     Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

//

//

## X.   EIGHTH CAUSE OF ACTION

### (By MAROC SIMPSON Against all Defendants for Battery)

67.   Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

68.   By transporting the car Plaintiff was in and connecting it to a tow truck Defendants caused the car Plaintiff was in to be touched in a manner that harmed or offended him.

69.   Plaintiff did not consent to the touching.

70.   Plaintiff was harmed or offended by Defendant's conduct.

71.   That a reasonable person in Plaintiff's situation would be have been offended by the touching.

72.   Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendants, and each of them, for the following:

    (a)   Actual damages;

    (b)   Statutory damages pursuant to 15 U.S.C. §1692k against DOE 1 and California Civil Code §1788.30(a) against STATEWIDE AUTO SALES;

    (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k against DOE 1 and California Civil Code §1788.30(b) and §1788.30(c) against STATEWIDE AUTO SALES;

    (d)   Punitive damages; and

    (e)   For such other and further relief as the Court may deem just and proper.

Date: 4/27/16

_____
Jeremy S. Golden,
Attorney for Plaintiffs

1
2                            **DEMAND FOR JURY TRIAL**
3              Please take notice that Plaintiffs demand trial by jury in this action.
4
5    Date:    4/27/16
6
7                                            Jeremy S. Golden
8                                            Attorney for Plaintiffs
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Jeremy S. Golden (SBN 228007) Cory M. Teed (299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
TELEPHONE NO.: 619-476-0030          FAX NO.: 775-898-5471
ATTORNEY FOR *(Name):* Plaintiff Maryrose Joseph and Maroc Simpson

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 06 2016

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanely Mosk Courthouse

CASE NAME:
Joseph et al. vs. Statewide Auto Sales, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 616 120 |
| | | JUDGE: |
| | | DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Eight
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 4/6/2016
Cory M. Teed
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



| SHORT TITLE Joseph et al. vs. Statewide Auto Sales, et al. | CASE NUMBER BC 6 1 6 1 2 C |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 3-4  ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☑ A7220 Other Personal Injury/Property Damage/Wrongful Death | ①, 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

04/15/2016   09:46   213--7~   537                    FEDEX OFFICE      1                    PAGE   01

ORIGINAL FILED

MAY 0 6 2016

CIV-010

| ATTORNEY (Name, State Bar number, and address):<br>Jeremy S. Golden (SBN 228007)<br>Golden & Cardona-Loya, LLP<br>3130 Bonita Road, Suite 200-B<br>Chula Vista, CA 91910<br>TELEPHONE NO.: (619) 476-0030   FAX NO. (Optional): (775) 898-5471<br>E-MAIL ADDRESS (Optional): jeremy@goldencardona.com<br>ATTORNEY FOR (Name): Plaintiffs Maryrose Joseph and Maroc Simpson | FOR COURT USE ONLY<br><br>LOS ANGELES<br>SUPERIOR COURT<br><br>ORIGINAL FILED<br><br>APR 2 7 2016<br><br>LOS ANGELES<br>SUPERIOR COURT |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Maryrose Joseph and Maroc Simpson

DEFENDANT/RESPONDENT: Statewide Auto Sales, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☑ EX PARTE | CASE NUMBER:<br>BC616120   D91 |
|---|---|

NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): Maryrose Joseph                                                          is

   a. ☑ the parent of (name): Maroc Simpson
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☑ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

   **By Fax**

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Ronniesha Hinton, 886 E. 43rd Pl., Apt. 5, Los Angeles, CA 323-680-6321

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Maroc Simpson, 886 E. 43rd Pl., Apt. 5, Los Angeles, CA (818)568-3619.

4. The person to be represented is:
   a. ☑ a minor (date of birth): 11/18/2013
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      Plaintiff sustained physical and emotional damages as a result of a repossession that occurred while he was in the car

   ☐ Continued on Attachment 5a.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL | Code of Civil Procedure,<br>§ 372 et seq. |
|---|---|---|

COPY

04/15/2016   09:46      213--747 3637           FEDEX OFFICE    1011            PAGE   02

PLAINTIFF/PETITIONER: Maryrose Joseph and Maroc Simpson

DEFENDANT/RESPONDENT: Statewide Auto Sales, et al.

CASE NUMBER:

**CIV-010**

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

  c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

  d. ☑ the appointment of a guardian ad litem is necessary for the following reasons (specify):

    Plaintiff a minor, sustained physical and emotional damages

  ☐ Continued on Attachment 5d.

6 The proposed guardian ad litem's relationship to the person he or she will be representing is:
  a. ☑ related (state relationship):   Cousin of mother
  b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

  ☐ Continued on Attachment 7

Jeremy S. Golden

(TYPE OR PRINT NAME)

► _____
          (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  April 7, 2016

Maryrose Joseph

(TYPE OR PRINT NAME)

_____
          (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date:  April 7, 2016

Ronniesha Hinton

(TYPE OR PRINT NAME)

► _____
    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Ronniesha Hinton
is hereby appointed as the guardian ad litem for (name): Maroc Simpson
for the reasons set forth in item 5 of the application.

Date:

MAY 1 3 2016

ROBERT HARRISON

JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE
Case Number _____

BC 6 1 6 1 2 0

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. David Sotelo | 91 | 632 | | | | |
| Hon. Michelle Williams Court | 92 | 633 | | | | |
| Hon. Howard L. Halm | 93 | 631 | | | | |
| Hon. Benny C. Osorio | 97 | 630 | | | | |
| Hon. Holly J. Fujie | 98 | 635 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ APR C6 2016 SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 2 5 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

C. Casarez

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

In re Personal Injury Cases Assigned to the
Personal Injury Courts;
(CENTRAL DISTRICT)

Case No.:

SIXTH AMENDED GENERAL
ORDER RE PERSONAL INJURY
COURT ("PI Court")  PROCEDURES,
CENTRAL DISTRICT
(Effective as of February 22, 2016)

FSC: 09/20/2017 TRIAL: 10/03/2017 OSC: 04/03/2019

**DEPARTMENT:**   91   92   93   97   98

**FINAL STATUS CONFERENCE ("FSC"):**

- **Date:** _____ at 10:00 a.m.

**TRIAL:**

- **Date:** _____ at 8:30 a.m.

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

- **Date:** _____ at 8:30 a.m.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California

Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los

Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

THE September 18, 2015 AMENDED GENERAL ORDER AND GENERALLY

1

Central District
2/22/2106

**ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse.  LASC initially opened three Personal Injury Courts ("PI Courts" - Departments 91, 92 and 93), on January 6, 2014, a fourth (Department 97), and on September 28, 2015 a fifth (Department 98) to adjudicate all pretrial matters for these cases. It also established a Master Calendar Court (Department One), to manage the assignment of trials to dedicated Trial Courts located countywide.  Prior Amended General Orders laid out the basic procedures for the PI Courts' management of pretrial matters.  The parties will find additional information about the PI Courts on the court's website, *www.lacourt.org*.

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."    Local Rule 2.3(a)(1)(A).

2

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

- ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
- ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
- ☐ A7260 Product Liability (not asbestos or toxic/environmental)
- ☐ A7210 Medical Malpractice – Physicians & Surgeons
- ☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice
- ☐ A7250 Premises Liability (e.g., slip and fall)
- ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
- ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, 97, or 98) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012. Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

**FILING OF DOCUMENTS**

2.      Parties may file documents in person at the filing window, via US Mail, or *as of March 1, 2106*, through e-Delivery, which is available online at www.lacourt.org (link on homepage). Please note that filings are no longer accepted via facsimile and must be filed either in person

or via e-Delivery. Claims involving an attorney-client fee dispute, documents in which the filing party is a minor, legally incompetent person, or person for whom a conservator has been appointed, Requests to Waive Court Fees (FW-001) and Requests for Accommodations by Persons with Disabilities (MC-410), may not be filed via e-Delivery.

**SERVICE OF SUMMONS AND COMPLAINT**

3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than <u>three years</u> from the date when the complaint is filed.  C. C. P. § 583.210, subd. (a).  On the OSC re Dismissal date noted above, the PI Court will dismiss **the action and/or** all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and file (in Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial,

FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC date.   Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight court days before the proposed advanced FSC date.  Code Civ. Proc., § 595.2;   Govt. Code § 70617, subd. (c)(2).  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties may submit a maximum of two stipulations to continue trial, the first for a maximum of four months, the second for a maximum of two months. A third request to continue trial will only be granted upon a showing of good cause, by ex parte application or noticed motion.  This rule is retroactive so that any previously granted stipulation to continue trial will count toward the maximum number of allowed continuances.

**NO CASE MANAGEMENT CONFERENCES**

7.      The PI Courts do not conduct Case Management Conferences.  The parties need not file a Case Management Statement.

**LAW AND MOTION**

**ANY DOCUMENTS WITH DECLARATIONS AND/OR EXHIBITS MUST BE TABBED.  CRC §3.1110(f)**

**ALL DEPOSITION EXCERPTS REFERENCED IN BRIEFS MUST BE MARKED ON THE TRANSCRIPTS ATTACHED AS EXHIBITS.   CRC §3.1116(c)**

*If your filing is not tabbed or depositions are not marked, do not file without the tabs or marked depositions unless today is the last day for filing.  If so, you must file a tabbed/marked copy with the clerk in the department where your motion will be heard within 2 court days.*

**Chambers Copies Required**

8.     In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts.  The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

9.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

10.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not

1    needlessly prepare tentative rulings on demurrers.

2

3    **Discovery Motions**

4    11.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

5    resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or

6    another attorney with full authority to make binding agreements, must attend in person.  The

7    PI judges have found that, in nearly every case, the parties amicably resolve disputes with the

8    assistance of the Court.

9    12.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

10   Discovery will be heard, unless, the moving party submits evidence, by way of declaration,

11   that the opposing party has failed or refused to participate in an IDC.  Scheduling or

12   participating in an IDC does not extend any deadlines imposed by the Code of Civil Procedure

13   for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC

14   before a motion is filed because the IDC may avoid the necessity of a motion or reduce its

15   scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or

16   60) day deadline for filing a motion to compel further discovery responses in order to allow

17   time to participate in an IDC.  If parties do not stipulate to extend the deadlines, the moving

18   party may file the motion to avoid it being deemed untimely.   However, the IDC must take

19   place before the motion is heard so it is suggested that the moving party reserve a date for the

20   motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions

21   to Compel Further Discovery Responses are heard at 10:00 a.m.  If the IDC is not productive,

22   the moving party may advance the hearing on a Motion to Compel Further Discovery

23

24

25

26

27

7

1   Responses on any available hearing date that complies with the notice requirements of the

2   Code of Civil Procedure.

3   13.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

4   www.lacourt.org (link on homepage). Parties are to meet and confer regarding the available

5   dates in CRS prior to accessing the system. After reserving the IDC date, the reservation

6   requestor must file in the appropriate department and serve an Informal Discovery Conference

7   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court

8   days prior to the conference and attach the CRS reservation receipt as the last page. The

9   opposing party may file and serve a responsive IDC Form, briefly setting forth that party's

10  response, at least 10 court days prior to the IDC.

11  14.    Time permitting; the PI Hub judges may be available to participate in IDCs to try to

12  resolve other types of discovery disputes.

13  **Ex Parte Applications**

14  15.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

15  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

16  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

17  ex parte." Cal. Rules of Court, Rule 3.1202(c). The PI Courts have no capacity to hear multiple

18  *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars.

19  The PI Courts do not regard the Court's unavailability for timely motion hearings as an

20  "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of

21  seeking *ex parte* relief, counsel should reserve the earliest available motion hearing date, and

22  stipulate with all parties to continue the trial to a date thereafter using the Stipulation to

23  Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

1  on the court's website, PI Court Tab).  Counsel should also check the Court Reservation

2  System from time to time because earlier hearing dates may become available as cases settle

3  or counsel otherwise take hearings off calendar.

4  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

5  16.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

6  Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's

7  "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court"

8  (form LACIV 238, available on the Court's website under the PI Courts link).   The PI

9  Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as

10  defined in the General Order re General Jurisdiction PI Cases, or if it is "complicated."  In

11  determining whether a personal injury case is "complicated" the PI Courts will consider,

12  among other things, the number of pretrial hearings or the complexity of issues presented.

13  17.     Parties opposing a motion to transfer have five court days to file (in Room 102) an

14  Opposition (using the same LACIV 238 Motion to Transfer form).

15  18.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16  Although the parties may stipulate to transfer a case to an Independent Calendar Department,

17  the PI Courts will make an independent determination whether to transfer the case or not.

18  **GENERAL ORDER – FINAL STATUS CONFERENCE**

19  19.     Parties shall comply with the requirements of the PI Courts' "Amended General Order

20  – Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  20.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23  complaint. (Code Civ. Proc., § 631, subds. (b) and (c))

9

**JURY TRIALS**

21.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns cases out for trial to dedicated Trial Courts.

**SANCTIONS**

21.     The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b))

Dated:  2/25/16

Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

10

Central District
2/22/2106

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 2 6 2015

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92, 93, and 97), | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: _____

THIRD AMENDED GENERAL ORDER -
FINAL STATUS CONFERENCE,
PERSONAL INJURY ("PI") COURTS
(Effective as of January 26, 2015)

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court

**HEREBY AMENDS AND SUPERSEDES ITS April 4, 2014 AMENDED GENERAL**

**ORDER – FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS**

**FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL**

**INJURY ACTIONS:**

1. **PURPOSE OF THE FSC**

    The purpose of the FSC is to verify that the parties/counsel are completely ready to

proceed with trial continuously and efficiently, from day to day, until verdict.   The PI Courts

will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial

Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal

issues, motions *in limine*, and the authentication and admissibility of exhibits.

## 2.   TRIAL DOCUMENTS  TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A.    TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

> (1) the claims and defenses subject to litigation;

> (2) the major legal issues (with supporting points and authorities);

> (3) the relief claimed and calculation of damages sought; and

> (4) any other information that may assist the court at trial.

### B.    MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion *in limine* shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.    JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury.  Local Rule 3.25(i)(4).

### D.    JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses).  Local Rule 3.25(i)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness.  The parties/counsel shall identify and all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

### E.    LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The Joint List of Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.    JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury with the instruction number, title and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party.)

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides.  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.  Local Rule 3.25(i)(7) and (8).

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3.  EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

### 4.  TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as  follows:

Tab A: Trial Briefs

Tab B:  Motions *in limine*

Tab C:  Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:  Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.  FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 26th day of January, 2015

Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

1/26/15